UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 16-168-DBH |
| | ) | |
| CHRISTOPHER HUTCHINSON | ) | |

### AGREEMENT TO PLEAD GUILTY
### (WITH BINDING AGREEMENTS AND APPEAL WAIVER)

The United States of America, by and through Halsey B. Frank, United States Attorney for the District of Maine, and Christopher Hutchinson (hereinafter "Defendant"), acting for himself and through his counsel, Michael Turndorf, Esquire, enter into the following Agreement based upon the promises and understandings set forth below.

1. <u>Guilty Plea/Dismissal of Counts</u>. Defendant agrees to plead guilty to Counts 1 and 2 of the Indictment herein pursuant to Rule 11 of the Federal Rules of Criminal Procedure (Fed. R. Crim. P.). Counts 1 and 2 charge Defendant with Seaman's Manslaughter, in violation of 18 U.S.C. § 1115.

2. <u>Sentencing/Penalties.</u> Defendant agrees to be sentenced on the charges described above. Defendant understands that the penalties that are applicable to the charges described above are as follows:

   A. A maximum prison term of not more than 10 years in prison;

   B. A maximum fine of $250,000;

   C. A mandatory special assessment of $100.00, if Defendant is non-indigent, for each count of conviction, or $200.00, which Defendant agrees to pay at or before the time that he enters a guilty plea; and

   D. A term of supervised release of not more than 3 years. Defendant understands that his failure to comply with any of the conditions of

>supervised release may result in revocation of supervised release, requiring Defendant to serve up to 2 additional years in prison for any such revocation of supervised release pursuant to 18 U.S.C. § 3583.

In addition to the other penalties provided by law, the Court may also order Defendant to pay restitution to the victim or victims of the offense.

3. <u>Agreements Regarding Truthfulness and Future Misconduct</u>. Defendant admits as true the facts set forth in the Government's Prosecution Version of events, which is attached to, and made a part of, this Agreement. Defendant promises that he will acknowledge the truth of those facts during the Rule 11 proceeding held in this case and that he will not thereafter contest or deny such facts. Defendant further agrees that he will not engage in new criminal conduct or in acts giving rise to an adjustment for obstruction of justice under U.S.S.G. § 3C1.1, at any time before he is sentenced in this case.

4. <u>Binding Agreement Regarding Sentencing</u>. The parties agree, pursuant to Rule 11(c)(1)(C), that a sentence of 48 months incarceration, followed by 3 years of supervised release, is the appropriate disposition of this case. The parties further agree that the Defendant should receive credit against this sentence for time he has served in pretrial detention. Should the Court reject this recommendation, the Defendant shall be permitted to withdraw his guilty plea and either party shall be permitted to withdraw from this Agreement.

5. <u>Appeal Waivers</u>. Defendant is aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Knowing that, Defendant waives the right to appeal the following:

    A. Defendant's guilty plea and any other aspect of Defendant's conviction in the above-captioned case; and

    B. A sentence of imprisonment that does not exceed 48 months.

Defendant's waiver of his right to appeal shall not apply to appeals based on a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

6. <u>Consequences of Breach</u>. If Defendant violates or fails to perform any obligations under this Agreement ("a breach"), the United States will be released from its obligations hereunder and may fully prosecute Defendant on all criminal charges that can be brought against Defendant. With respect to such a prosecution:

> A. The United States may use any statement that Defendant made pursuant to this Agreement, including statements made during plea discussions and plea colloquies, and the fact that Defendant pleaded guilty, and Defendant hereby waives any claim under Rule 410 of the Federal Rules of Evidence or Rule 11(f) of the Federal Rules of Criminal Procedure that such statements and guilty plea are inadmissible.
>
> B. Defendant waives any and all defenses based on the statute of limitations with respect to any such prosecution that is not time-barred on the date that this Agreement is signed by the parties.

If the United States chooses to exercise its rights under this paragraph, the determination of whether Defendant has committed a breach shall be made by the Court upon an appropriate motion. In a proceeding on such motion, the United States shall have the burden to establish Defendant's breach by a preponderance of the evidence.

7. <u>Speedy Trial Waiver</u>. Defendant agrees to waive, and hereby does waive, any and all rights he might have under the Speedy Trial Act, 18 U.S.C. §§ 3161-64, from the date of the execution of this Agreement and continuing thereafter through and including the date upon which sentence is imposed. In the event that the Court determines that Defendant has breached this Agreement, as set forth in Paragraph 6 of this Agreement, then the waiver described in this Paragraph shall continue through and including the date on which the Court determines that such

3



a breach has occurred. Defendant expressly consents to the entry of an Order by the Court excluding such periods of time from such consideration.

8. Forfeiture. Defendant agrees to waive any claim to, and assist the United States in effecting the forfeiture or other transfer of, any property that may be subject to forfeiture to the United States under any law of the United States.

9. Validity of Other Agreements; Signature. This Agreement supersedes any prior understandings, promises, or conditions between this Office and Defendant. However, in the event that Defendant fails to enter his guilty plea or is allowed to withdraw his guilty plea entered hereunder, and the Court determines that Defendant has not breached this Agreement, then any proffer agreement between the parties shall remain in effect. No additional understandings, promises, or conditions will be entered into unless in writing and signed by all parties. The signature of Defendant in the space designated signifies his full and voluntary acceptance of this Agreement.

I have read this Agreement and have carefully reviewed every part of it. I understand it and I have voluntarily agreed to it.

Date: 9/6/18

Christopher Hutchinson, Defendant

I am legal counsel for Christopher Hutchinson. I have carefully reviewed every part of this Agreement with Christopher Hutchinson. To my knowledge, Christopher Hutchinson's decision to enter into this Agreement is an informed and voluntary one.

Date: 09/06/2018

Michael Turndorf, Esquire
Attorney for Defendant



FOR THE UNITED STATES:

Date: 9/14/18

Halsey B. Frank
United States Attorney

Concur:

Supervisory Assistant U.S. Attorney

